USDC SCAN INDEX SHEET

















BJR   4/10/00   8:14

3:00-CV-00711   PAQUETTE V. STEELER INC

*1*

*CMP.*

**LAW OFFICES OF MARK H. PLAGER**
Mark H. Plager (CA Bar No. 190???
P.O. Box 745
Placentia, California 92871-074?
???? 25?-637?

Attorneys for Plaintiffs
Robert F. Paquette and
Metal-Lite, Inc.

FILED

00 APR -7 AM II: 37

CLERK ?? ??????CT COURT
SOUTH??? ??? ?? CALIFORNIA

BY: B.Reed DEPUTY

# IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

**'00 CV 0711 K (JFS)**

ROBERT F. PAQUETTE, an
individual, METAL LITE, INC.,
a California corporation,

                    Plaintiff,

        vs.

STEELER, INC., a Washington
corporation, and FLORIAN M.
SUROWIECKI, an individual

                    Defendants.

ACTION NO.:

**COMPLAINT FOR:**
**1) PATENT INFRINGEMENT; AND**
**2) BREACH OF SETTLEMENT AGREEMENT**

**DEMAND FOR JURY TRIAL**

Plaintiffs Robert F. Paquette and Metal Lite, Inc., (hereinafter collectively "Plaintiffs"), for its complaint against Steeler, Inc. and Florian M. Surowiecki (hereinafter ? ??????vely "Defendants"), avers as follows:

## Jurisdiction

1.    This is an action for patent infringement under the patent
        laws of the United States, Title ??, United States Code.

1.    This Court has jurisdiction over the subject matter of this

ORIGINAL

1

action under Title 28, United States Code, Sections 1331, 1332 and 1338(a), and has jurisdiction over the parties. Venue is proper in this district because Defendants conduct business within this judicial district.

3. The Court has jurisdiction over the related state claims under the principles of supplemental jurisdiction pursuant to 28 U.S.C. §1338(b) and 28 U.S.C. §1367(a).

4. The Court has personal jurisdiction over Defendant Steeler, Inc. because Steeler, Inc. has manufactured, used, sold and/or offered to sell the infringing devices within this judicial district.

5. The Court has personal jurisdiction over Defendant Matt Surowiecki because Matt Surowiecki has manufactured, used, sold and/or offered to sell the infringing devices within this judicial district.

6. Venue is proper within this judicial district pursuant to 28 U.S.C.§1400(b) because Defendants are entities with sufficient minimum contacts within this judicial district. Venue is also proper within this judicial district because Defendants have marketed, distributed, manufactured, used and sold the infringing device within this judicial district.

7.

**The Parties**

8.  Robert F. Paquette is the named inventor and owner of United States Patent No., 5,127,203 hereinafter the "'203 Patent").

9. Metal-Lite, Inc. is a California corporation having its principal place of business located at 1160 North Blue Gum, Anaheim, California. Metal-Lite, Inc. is the exclusive

2

licensee of United States Patent No. 5, 127, 203.

10. Steeler, Inc. is a Washington corporation having a place of business at 10733 Prospect Avenue, Santee, California. On information and belief, Defendant Steeler, Inc. manufactures, uses, sells and/or offers for sale vertically slotted track for head of wall construction in this and other judicial districts which infringes the '203 Patent.

11. Florian M. Surowiecki, an individual, is the president and owner of Steeler, Inc. Mr. Surowiecki also goes by the name Matt Surowiecki. On information and belief, Defendant Matt Surowiecki personally authorized the manufacture, use, sale and/or offer for sale of vertically slotted track for head of wall construction which infringes the '203 Patent.

## FIRST CAUSE OF ACTION
### Patent Infringement

12. On July 7, 1992, the United States Patent and Trademark Office issued United States Letters Patent No. 5, 127, 203 (hereinafter the "'203 Patent") to Robert E. Pacquette entitled "Seismic/Fire Resistant Structure and Method." A true and correct copy of the '203 Patent is attached hereto as **Exhibit "A."**

13. On or about September 20, 1994, Robert E. Pacquette assigned his ownership interest in the '203 Patent to Gene N. Carpenter and Thomas R. Herren in exchange for valuable consideration.

14. On or about May 10, 1999, Gene Carpenter and Thomas R. Herren assigned the '203 Patent to Metal-Lite, Inc. in exchange for valuable consideration.

3

15. On or about December 22, 1999, Metal-Lite, Inc. assigned the '203 Patent back to Robert L. Daudet in exchange for an exclusive license agreement to make, use, sell and offer to sell products covered by the '203 Patent.

16. Plaintiff MLI manufactures and sells a line of products under the trademark "THE SYSTEM" which is covered by the '203 Patent.

17. MLI has complied with the notice provision of the patent statutes by making the patented products with the patent number in accordance with 35 U.S.C. §287.

18. Defendants had knowledge of and were aware of the construction of and operation of Metal-Lite, Inc.'s "The System" prior to formal notice of infringement.

19. Defendants have been and are infringing, contributing to and/or inducing the infringement of at least claims 1,5, 8 and 9 of the '203 Patent in violation of §271, inter alia, by making, using, offering to sell and/or selling within the United States, certain slotted track for head of wall construction which infringes United States Patent No. 5, 127,203. The infringing activities of Defendants are intentional, willful and deliberate.

20. At least since about September 2, 1999, Defendants received actual notice of its infringement and such infringement continues to be willful. A true and correct copy of the notice letter is attached hereto as **Exhibit "B."**

21. The metal slotted channel manufactured, used, sold and/or offered for sale by Defendants comprises a elongated channel member having a base affixed to a head of wall and a pair of

4

side flanges protruding from the base thereby defining the
channel; the flanges possess one or more vertically slotted
openings at spaced intervals along the length of the channel
to permit the secured header wall to rise and fall vertically
due to environmental forces applied to the floor and ceiling
of a building.

22. Defendants will in the future continue to infringe, contribute
to and/or induce infringement of the '203 Patent unless
enjoined by this Court.

23. Upon information and belief, Defendants have unlawfully
derived, and/or is now deriving profits from its acts of
infringement, contributing to and/or inducing infringement of
the '203 Patent.

24. Plaintiffs have suffered, and continue to suffer serious and
substantial damages, including lost profits, resulting from
Defendants' infringement, contributing to and/or inducing
infringement of the '203 Patent, including irreparable injury
for which there is no adequate remedy at law.

25. By reason of Defendants' acts of infringement of the '203
Patent, Plaintiffs have been and will be continue to be
damaged.


## SECOND CAUSE OF ACTION
### Breach of Settlement Agreement

26. Plaintiffs hereby incorporate by reference the allegations
contained in paragraphs 1 through 24, inclusive.

27. On May 19, 1999, Plaintiff MLI instituted a lawsuit against
Defendants styled as <u>Metal-Lite, Inc. v. Steeler, Inc. and</u>

1  Matt Surowiecki, Case No. 99cv1468 in this Court for
2  infringement of United States Patent No. 5,127,203.

3  17.  On October 1, 1999, the parties reached a settlement
4  agreement.  A true and correct copy of the parties' settlement
5  agreement is attached hereto as **Exhibit "C."**

6  18.  The terms of the settlement agreement provided "Steeler, Inc.
7  shall not further manufacture product (the slotted track
8  defined in the '203 Patent)" and pay Metal-Lite, Inc. monetary
9  damages in exchange for the dismissal of Metal-Lite, Inc.'s
10  claims of patent infringement which arose prior to the date of
11  the settlement agreement.

12  19.  On information and belief, Defendants have and are continuing
13  to manufacture and sell the product claimed in the '203 Patent
14  in contravention of the parties' October 1, 1999 settlement
15  agreement.

16  20.  As a result of Defendant's manufacture and sales of infringing
17  products in violation of the parties' settlement agreement,
18  Plaintiffs have and will continue to sustained and suffer
19  injury.

20

21  21.  WHEREFORE, PLAINTIFFS PRAY FOR:

22  ### FIRST CAUSE OF ACTION
   #### Patent Infringement

23  (a)  Judgment on this Complaint in its favor and against
   Defendants for the above-mentioned acts of infringement of the '203
25  Patent, and for prompt payment of any judgment entered against
26  Defendants in this action;

27  (b)  An accounting for damages;

6

(c) a preliminary and a permanent injunction against Defendants and all those in privity, association, and/or concert with Defendants against further infringement of the '203 Patent;

(d) damages adequate to compensate Plaintiffs for Defendants' acts of infringement of the Patent and an increase of said damages up to three times pursuant to 35 U.S.C. § 284;

(e) an assessment against Defendants for Plaintiffs' costs, attorney's fees, expenses and interest accrued;

(f) Defendants be ordered to turn over to Plaintiffs, for destruction or other disposition, all infringing slotted track claimed in the '203 Patent in Defendants' and all dyes used to manufacture the infringing slotted track which are in Defendants' possession, custody or control; and

(g) such further relief as this Court deems to be just and appropriate.

## SECOND CAUSE OF ACTION
### Breach of Settlement Agreement

(a) Judgment on this Complaint in Plaintiffs' favor and against Defendants for the above breach of the parties prior settlement agreement;

(b) an accounting for compensatory damages;

(c) a preliminary and a permanent injunction against Defendants and all those in privity, association, and/or concert with Defendants against further breach of the parties October 1, 1999 settlement agreement;

(d) compensatory and consequential damages sustained by Plaintiffs for Defendants' breach of the parties' October 1, 1999

7

settlement agreement;

(e) such further relief as this Court deems to be just and appropriate.

Respectfully submitted,

Dated:     April 7, 2000      **LAW OFFICES OF MARK H. PLAGER**


By:  *[signature]*
Mark H. Plager

Attorneys for Plaintiffs
MetroMedia, Inc.

## JURY DEMAND

Plaintiffs, Robert H. Laquerre and Metal Lite, Inc., hereby exercise their right to a jury trial, under the Seventh Amendment of the United States Constitution and hereby demand a trial by jury.

Respectfully submitted,

Dated: April **7**, 2000           **LAW OFFICES OF MARK H. PLAGER**

By: _Mark H. Plager_
Mark H. Plager

Attorneys for Plaintiffs
Metal-Lite, Inc.

9

The United States of America

## The Commissioner of Patents and Trademarks

*Has received an application for a patent for a new and useful invention. The title and description of the invention are enclosed. The requirements of law have been complied with, and it has been determined that a patent on the invention shall be granted under the law.*

*Therefore, this*

## United States Patent

*Grants to the person or persons having title to this patent the right to exclude others from making, using or selling the invention throughout the United States of America for the term of seventeen years from the date of this patent, subject to the payment of maintenance fees as provided by law.*

Acting Commissioner of Patents and Trademarks

Attest





US005127203A

# United States Patent [19]

## Paquette

[11] Patent Number: **5,127,203**

[45] Date of Patent: Jul. 7, 1992

[54] SEISMIC FIRE RESISTANT WALL STRUCTURE AND METHOD

[76] Inventor: Robert E. Paquette, Encinitas Way, Sunnyvale, Calif. 94...

[21] Appl. No.: 668,760

[22] Filed: Mar. 14, 1991

### Related U.S. Application Data

[63] Continuation of Ser. No. 477,... Feb. ..., ... abandoned.

[51] Int. Cl.⁵ .................... E04H 1/00
[52] U.S. Cl. ............... 52/241; 52/290; 52/483; 52/...
[58] Field of Search ............ 52/241, 243, 290, 289, 52/483, 484, 293, 1, 239, 91, 484

[56] **References Cited**

#### U.S. PATENT DOCUMENTS

... ... ... ... ...
... ... ... ...
... ... ... ... ...
4,... ... ... ... ...

### OTHER PUBLICATIONS

Sweets Catalog File, 1985, Section 5, ... 13, 14
Fire Resistant Design Manual, Gypsum Association, 1984, p. ...

Primary Examiner—Richard E. Chilcot, Jr.
Attorney, Agent, or Firm—Fliehr, Hohbach, Test, Albritton & Herbert

[57]                **ABSTRACT**

Seismic and fire resistant wall structure and method in which a U shaped channel member having vertically extending slotted openings in the side flanges thereof is mounted on the underside of a beam or other overhead structural member, with a layer of fire retardant material in the upper portion of the channel. Studs are connected to the channel member with fasteners which pass through the slotted openings and permit relative vertical movement between the channel member and the studs while holding the studs in place horizontally. Fire retardant walls and is attached to the opposing side faces of the studs and extends between the floor and the channel member.

9 Claims, 1 Drawing Sheet



U.S. Patent                    July 7, 1992                    5,127,203



Fig.1

Fig.2

Fig.3

1

# SEISMIC FIRE RESISTANT WALL STRUCTURE AND METHOD

This is a continuation of application Ser. No. 07/477,620 filed Feb. 9, 1990, now abandoned.

This invention pertains generally to wall structures and, more particularly, to a seismic and fire resistant wall structure and method.

Full height non-bearing walls are commonly installed beneath overhead structural members such as roof beams, floor beams, and the like. Such members are commonly constructed in a laminated form commonly known as glue-laminated beams or "glue lams" and provided with an upwardly convex curvature or crown so that the member will straighten out when subjected to normal loading, e.g. static loads, plastic flow and live loads. Even after the member has straightened out, it may still move because temperature changes, rain loads, and the like.

To accommodate movement of an overhead structural member, a flexible connection is employed between the member and the wall beneath the member. One such connection utilizes a so-called C-ring roof track in which the flanges which are connected to the wall studs are bent in bellowslike fashion and thus adapted to flex and permit movement between the structural member and the wall. When forces thrown on these tracks tend to fracture at the bends and fail.

Another flexible connection is a slotted metal track which is affixed to the channel in which the upper portion of the wall is loosely received. There is no connection between the channel and the wall, and the wall can be provided freedom in the plane of the wall only if the wall is not keyed or attached to the structure.

It is in general an object of the invention to provide a new and improved wall structure and method which overcome the limitations and disadvantages of wall structures heretofore provided.

Another object of the invention is to provide a wall structure and method of the above character in which the wall structure is resistant to both seismic loading and fire.

Another object of the invention is to provide a wall structure and method which can be employed economically.

These and other objects are achieved in accordance with the invention by providing an elongated channel member with a base, a pair of side flanges extending from the base and defining a channel, and a plurality of slotted openings at longitudinally spaced intervals in the side flanges, providing a layer of fire retardant material on the side of the base facing the channel, mounting the channel member on the under side of the overhead structural member with the channel opening in a downward direction, positioning a plurality of vertically extending studs between the floor and the channel member with the upper portions of the studs extending into the channel in alignment with the slotted openings, attaching the studs to the channel member with fasteners which pass through the slotted openings and into the studs and permit relative vertical movement between the channel member and the studs, and mounting fire retardant wallboard on opposing side faces of the studs between the floor and the channel member.

FIG. 1 is a fragmentary side elevational view of a wall structure incorporating the invention.

2

FIG. 2 is an enlarged cross-sectional view taken along line 2—2 in FIG. 1.

FIG. 3 is a fragmentary isometric view of the channel member utilizing the wall structure of FIG. 1.

As illustrated in FIG. 1, the wall structure 11 is a full height non-bearing wall which is installed between the floor 12 and an overhead structural member 13 such as a roof beam. A fire retardant ceiling 14 of conventional construction extends horizontally at a level below the top of the wall.

The wall structure includes a U-shaped channel member 16 of fire resistant material, such as 18 gauge galvanized steel, which is affixed to the underside of beam 13 in an inverted position. The channel member includes a base 17 which is secured to the under side of the beam by screws 18, and a pair of generally parallel depending side flanges 19 which define a downwardly opening channel 21. For standard dimension material, the channel typically has a width of $2\frac{1}{2}$, $3\frac{1}{2}$, 6 or 8 inches and a depth of about $1\frac{1}{4}$ inches.

A plurality of vertically elongated slotted openings 22 are formed in the side flanges at spaced intervals along the length of the channel member. These slots are typically spaced on 4 inch centers, which accommodates standard stud spacings of 16 and 24 inches.

A layer of fire retardant material 24, such as drywall, is affixed to the under side of base 17 in the upper portion of channel 21. In one presently preferred embodiment, the drywall layer is $\frac{1}{2}$ inch thick, and it is affixed to the base with an adhesive.

A plurality of studs 26 extend between the floor and the channel member, with the upper end portions of the studs being received in channel 21 and the upper ends of the studs being spaced about $\frac{1}{4}$ inch from the lower surface of the fire retardant material 24. The upper end portions of the studs are connected to the channel member by screws 27 which pass through slotted openings 22 and into the studs. The screws are left loose enough to permit them to move freely up and down in the slotted openings, thus permit relative vertical movement between the studs and the channel member while anchoring the upper portions of the studs against horizontal movement. The lower ends of the studs are received in and affixed to a U-shaped channel member 28 which is affixed to the floor. In the embodiment illustrated, the studs and the lower channel member are fabricated of a fire resistant material such as metal, and the studs have a generally U-shaped contour in cross-section. If desired, however they can be fabricated of another suitable material, and if, for example, the studs are fabricated of wood, the lower channel can be replaced with a conventional wood floor plate.

Fire retardant wallboard 29 is mounted on the side faces of the studs and extends from the floor to the channel member and over the outside of side flanges 19. The upper edge of the wallboard is spaced about $\frac{3}{8}$ inch below the lower surface of beam 13 to permit vertical movement between the wall structure and the beam. Although the top ends of studs 26 are spaced only about $\frac{1}{4}$ below the lower surface of retardant material 24, they do not interfere with the movement between the studs and the channel member because they cut into the retardant material. If solid studs are used, they should terminate about $\frac{3}{8}$ inch below the retardant material since they will not cut into it as readily as the U-shaped metal studs. The wallboard is attached to the studs with screws 31, with no screws from the wallboard going

into the channel member to interfere with the movement of the studs.

The wall is constructed by mounting the channel member 16 on the under side of the beam, with the slotted openings 22 formed in the side flanges and the layer of fire retardant material 24 installed in the channel. The lower channel member 28 is affixed to the floor beneath the beam, and studs 26 are installed between the channel members in alignment with the slotted openings. The lower ends of the studs are secured to the lower channel member, and screws 27 are installed in the upper ends of the studs through the slotted openings, following which the Wallboard 29 is installed.

It is apparent from the foregoing that a new and improved wall structure and method have been provided. While only certain presently preferred embodiments have been described in detail, as will be apparent to those familiar with the art, certain changes and modifications can be made without departing from the scope of the invention as defined by the following claims.

I claim:

1. In a seismic fire resistant wall structure installed between a floor and a overhead structural member:

an elongated channel member having a base affixed to the structural member and a pair of side flanges depending from the base and defining a downwardly opening channel,

a layer of fire retardant material extending along the base within the channel,

a plurality of vertically extending slotted openings in the side flanges at spaced intervals along the length of the channel member,

a plurality of studs extending vertically between the floor and the channel member with upper portions of the studs extending into the channel in alignment with the slotted openings,

fasteners passing through the slotted openings and into the studs to anchor the upper portions of the studs against horizontal movement but permitting relative vertical movement between the channel member and the studs, and

fire retardant wallboard mounted on the studs and extending from the floor to the channel member.

2. The wall structure of claim 1 wherein the channel member is fabricated of metal.

3. The wall structure of claim 1 wherein the fire retardant material extending along the base of the channel member is wallboard.

4. The wall structure of claim 1 wherein the studs are fabricated of metal.

5. A U-shaped channel member for use in a seismic/fire resistant wall structure having a plurality of studs extending between a floor and an overhead structural member, with wallboard mounted on opposing side faces of the studs and fasteners connecting upper end portions of the studs to the channel member, said channel member having a base adapted to be fixed to the structural member, a pair of side flanges extending from

the base and defining a channel for receiving the upper end portions of the studs, and a plurality of slotted openings formed at longitudinally spaced intervals in the side flanges for receiving the fasteners and permitting relative vertical movement between the channel member and the studs.

6. The channel member of claim 5 including a layer of fire retardant material extending along the side of the base within the channel.

7. The channel member of claim 5 wherein said channel member is fabricated of metal.

8. In a method of constructing a seismic fire resistant wall structure between a floor and an overhead structural member, the steps of:

providing an elongated channel member with a base, a pair of side flanges extending from the base and defining a channel, and a plurality of slotted openings at longitudinally spaced intervals in the side flanges,

providing a layer of fire retardant material within the channel,

mounting the channel member on the overhead structural member with the channel opening in a downward direction,

positioning a plurality of vertically extending studs between the floor and the channel member with upper portions of the studs extending into the channel in alignment with the slotted openings,

attaching the studs to the channel member with fasteners which pass through the slotted openings and into the studs and permit relative vertical movement between the channel member and the studs so that the studs will not be affected by movement of the overhead structural member on which the overhead member is mounted, and

mounting fire retardant wallboard on the studs between the floor and the channel member.

9. In a seismic wall structure installed between a floor and an overhead structural member:

an elongated channel member having a base affixed to the structural member and a pair of side flanges depending from the base and defining a downwardly opening channel,

a plurality of vertically extending slotted openings in the side flanges at spaced intervals along the length of the channel member,

a plurality of studs extending vertically between the floor and the channel member with upper portions of the studs extending into the channel in alignment with the slotted openings,

fasteners passing through the slotted openings and into the studs to anchor the upper portions of the studs against horizontal movement but permitting relative vertical movement between the channel member and the studs, and

wallboard mounted on the studs and extending from the floor to the channel member.

* * * * *



**Transmitted by FAX and U. S. Mail**

August 28, 1997

Mr. Matt Zwickie
Steeler, Inc.
10023 Martin Luther King Jr., South
Seattle, Washington 98278

Re:             **Patent Infringement**

Dear Mr. Zwickie:

You have infringed on **Metal-Lite, Inc.'s** patent with the slotted track at the San
Francisco Airport.  Tom Herren, owner of **Metal-Lite, Inc.** has talked to you about
patent infringement before.

You need to remove the slotted track material you delivered to the San Francisco Airport
off the job.

We want a letter from you by 10:30 a.m. this date, stating you will not infringe on **Metal-
Lite, Inc.'s** patent again.  If we do not have a letter by this time, we are instituting a suit
against you and Steeler, Inc.

Sincerely,
**Metal-Lite, Inc.**

*R. Stephen Bolshazy*

R. Stephen Bolshazy, FHFI

*Letter faxed to
Mr. Zurckie
9:10 AM aug 28*

1160 N. BLUE GUM AVE.
ANAHEIM, CA 92806
1-800-886-6824
TEL (714) 632-5736
FAX (714) 632-5738

735 SCHNEIDER DR. #1
S. ELGIN, IL 60177
1-800-711-9957
TEL (847) 931-7665
FAX (847) 931-4428

Exhibit B

## SETTLEMENT AGREEMENT

This SETTLEMENT AGREEMENT is entered into by and between Metal Lite, Inc., a California corporation, as plaintiff and Steeler, Inc., a Washington corporation, and Matt Surowiecki, an individual, as defendants.

WHEREFORE:

1.  A cause of action has been filed by Plaintiff against Defendants in U.S. District Court, Southern District of California, cause number 99cv1026K in regard to Plaintiff's claim against Defendants for infringement of U.S. Patent No. 5,127,203. Defendants have answered the complaint and asserted certain affirmative defenses.

2.  The parties intend by this Settlement Agreement to resolve all outstanding disputes between them.

3.  All parties have been and are now represented by attorneys and the parties have been advised that execution of this Settlement Agreement and entry of a notice of settlement and order dismissing the case will fully, completely and forever release and discharge each of the parties to the action of and from any claims, damages, causes of action, counterclaims, or crossclaims asserted, or which could have been asserted, in this action by any party against any other party except actions to enforce this Settlement Agreement.

NOW THEREFORE, the parties stipulate and agree as follows:

4.  Plaintiff Metal Lite, Inc. and Defendants Steeler, Inc. and Matt Surowiecki fully, completely, and forever release and discharge each other, with prejudice and without attorney fees or costs awarded to either party, of and from all claims, damages, causes of action, counterclaims asserted, or which could have been asserted, in this action, howsoever denominated, subject only to enforcement of this Settlement Agreement and its terms of payment of sums by Defendant to Plaintiff as hereinafter described.

5.  Steeler, Inc. shall pay to Metal Lite, Inc. Seventy-Five Thousand Dollars ($75,000). Twenty-Five Thousand Dollars of which has been paid, payment and receipt of which is hereby acknowledged, for a balance due of Fifty Thousand Dollars ($50,000.), which shall be paid in two equal monthly installments of Twenty-Five Thousand Dollars ($25,000.) the first due upon signing of this Agreement and the second on the same day the following month.

6.  Metal Lite, Inc. shall establish Steeler, Inc. as a distributor of its products on terms no less advantageous to Steeler, Inc. as Metal Lite, Inc. provides to any of its other distributors. It is understood that unless otherwise agreed in writing, Steeler, Inc. shall not further manufacturer the Product as defined following.

7.  Metal Lite, Inc. warrants that it is the owner of Patent No. 5,127,203 for "Seismic Fire-Resistant Wall Structure and Method" and the product and technology described therein ("Product") and thus rightfully empowered to settle claims of infringement pertaining thereto. Metal Lite, Inc. agrees to indemnify and defend Steeler, Inc. against claims of patent infringement arising out of Steeler's manufacture of the Product prior to this Agreement.

8.  Metal Lite, Inc.'s liability under paragraph 7 is conditioned on prompt notice by Steeler, Inc. to Metal Lite, Inc. of such claims after Steeler, Inc. receives notice of their existence and, provided further,

Steeler, Inc. offers Metal Lite, Inc. an opportunity, to the extent permissible by the governing law, to assume their defense. In the event Metal Lite, Inc. assumes the defense of any such claim of patent infringement, Steeler, Inc. (i) shall, at its expense, furnish Metal Lite, Inc. with any information in Steeler, Inc.'s possession or control that Metal Lite, Inc. reasonably may request for such defense, and Steeler, Inc. (ii) reserves the right to continue to participate in the defense of its interests, at its own cost and expense. Metal Lite, Inc. shall not be liable for any portion of any settlement or compromise unless, prior to any such agreement, Steeler, Inc. notifies Metal Lite, Inc. of the proposed settlement or compromise and Metal Lite, Inc. fails to assume the defense of said claim.

9.    The terms and conditions of this Settlement Agreement are confidential and shall not be disclosed to any third party except as may be required by court order or rules of court. Notwithstanding the above, disclosures within the Corporate organization shall not be deemed a disclosure for this purpose. The Corporate organization for this purpose shall include retained legal counsel, accountants, and corporate bankers, and other similar professionals who are under a duty of confidentiality to the corporation. Reference to the account receivable created by the Agreement without identifying reference to Steeler, Inc. also shall not be deemed a disclosure for this purpose. This duty of nondisclosure shall terminate upon contract default by Steeler, Inc.

10.   By their signature below, each party has designated a person to execute the Agreement and represents and warrants to all other parties that such person signing is authorized to execute this Settlement Agreement on behalf of the respective party, and each such party indemnifies, defends, and holds harmless the other party from any claim that the person was not so authorized.

11.   By their signatures below, counsel for each party represents and warrants that he has fully explained the terms, conditions, and legal consequences of this settlement to his client and his client has expressed an understanding thereof.

Effective the date last given below.

Steeler, Inc.

By _____
 Matt Surowiecki
 President
 Date:

Metal Lite, Inc.

By _____
 Tom Herren
 President
 Date: _____

_____
 Matt Surowiecki
 Individually
 Date

_____
David L. Tingey, WSBA 11,545
Attorney for Steeler and Surowiecki

_____
Mark Plager, SBN 92259
Attorney for Metal Lite, Inc.

**COPY**

# SETTLEMENT AGREEMENT

This SETTLEMENT AGREEMENT is entered into by and between Metal Lite, Inc., a California corporation, as plaintiff and Steeler, Inc., a Washington corporation, and Matt Surowiecki, an individual, as defendants.

WHEREFORE:

1.  A cause of action has been filed by Plaintiff against Defendants in U.S. District Court, Southern District of California, cause number 99cv1026K in regard to Plaintiff's claim against Defendants for infringement of U.S. Patent No. 5,127,203. Defendants have answered the complaint and asserted certain affirmative defenses.

2.  The parties intend by this Settlement Agreement to resolve all outstanding disputes between them.

3.  All parties have been and are now represented by attorneys and the parties have been advised that execution of this Settlement Agreement and entry of a notice of settlement and order dismissing the case will fully, completely and forever release and discharge each of the parties to the action of and from any claims, damages, causes of action, counterclaims, or crossclaims asserted, or which could have been asserted, in this action by any party against any other party except actions to enforce this Settlement Agreement.

NOW THEREFORE, the parties stipulate and agree as follows:

4.  Plaintiff Metal Lite, Inc. and Defendants Steeler, Inc. and Matt Surowiecki fully, completely, and forever release and discharge each other, with prejudice and without attorney fees or costs awarded to either party, of and from all claims, damages, causes of action, counterclaims asserted, or which could have been asserted, in this action, howsoever denominated, subject only to enforcement of this Settlement Agreement and its terms of payment of sums by Defendant to Plaintiff as hereinafter described.

5.  Steeler, Inc. shall pay to Metal Lite, Inc. Seventy-Five Thousand Dollars ($75,000). Twenty-Five Thousand Dollars of which has been paid, payment and receipt of which is hereby acknowledged, for a balance due of Fifty Thousand Dollars ($50,000.), which shall be paid in two equal monthly installments of Twenty-Five Thousand Dollars ($25,000.) the first due upon signing of this Agreement and the second on the same day the following month.

6.  Metal Lite, Inc. shall establish Steeler, Inc. as a distributor of its products on terms no less advantageous to Steeler, Inc. as Metal Lite, Inc. provides to any of its other distributors. It is understood that unless otherwise agreed in writing, Steeler, Inc. shall not further manufacturer the Product as defined following.

7.  Metal Lite, Inc. warrants that it is the owner of Patent No. 5,127,203 for "Seismic Fire-Resistant Wall Structure and Method" and the product and technology described therein ("Product") and thus rightfully empowered to settle claims of infringement pertaining thereto. Metal Lite, Inc. agrees to indemnify and defend Steeler, Inc. against claims of patent infringement arising out of Steeler's manufacture of the Product prior to this Agreement.

8.  Metal Lite, Inc.'s liability under paragraph 7 is conditioned on prompt notice by Steeler, Inc. to Metal Lite, Inc. of such claims after Steeler, Inc. receives notice of their existence and, provided further,

Steeler, Inc. offers Metal Lite, Inc. an opportunity, to the extent permissible by the governing law, to assume their defense. In the event Metal Lite, Inc. assumes the defense of any such claim of patent infringement, Steeler, Inc. (i) shall, at its expense, furnish Metal Lite, Inc. with any information in Steeler, Inc.'s possession or control that Metal Lite, Inc. reasonably may request for such defense, and Steeler, Inc. (ii) reserves the right to continue to participate in the defense of its interests, at its own cost and expense. Metal Lite, Inc. shall not be liable for any portion of any settlement or compromise unless, prior to any such agreement, Steeler, Inc. notifies Metal Lite, Inc. of the proposed settlement or compromise and Metal Lite, Inc. fails to assume the defense of said claim.

9.   The terms and conditions of this Settlement Agreement are confidential and shall not be disclosed to any third party except as may be required by court order or rules of court. Notwithstanding the above, disclosures within the Corporate organization shall not be deemed a disclosure for this purpose. The Corporate organization for this purpose shall include retained legal counsel, accountants, and corporate bankers, and other similar professionals who are under a duty of confidentiality to the corporation. Reference to the account receivable created by the Agreement without identifying reference to Steeler, Inc. also shall not be deemed a disclosure for this purpose. This duty of nondisclosure shall terminate upon contract default by Steeler, Inc.

10.   By their signature below, each party has designated a person to execute the Agreement and represents and warrants to all other parties that such person signing is authorized to execute this Settlement Agreement on behalf of the respective party, and each such party indemnifies, defends, and holds harmless the other party from any claim that the person was not so authorized.

11.   By their signatures below, counsel for each party represents and warrants that he has fully explained the terms, conditions, and legal consequences of this settlement to his client and his client has expressed an understanding thereof.

Effective the date last given below.

Steeler, Inc.                              Metal Lite, Inc.

By                                        By
  Matt Surowiecki                           Tom Herren
  President                                 President
  Date:                                     Date:


Matt Surowiecki
Individually
Date:


David L. Tingey, WSBA 11,545        Mark Plager, SBN 192259
Attorney for Steeler and Surowiecki   Attorney for Metal Lite, Inc.

Steeler, Inc. offers Metal Lite, Inc. an opportunity, to the extent permissible by the governing law, to assume their defense. In the event Metal Lite, Inc. assumes the defense of any such claim of patent infringement, Steeler, Inc. (i) shall, at its expense, furnish Metal Lite, Inc. with any information in Steeler, Inc.'s possession or control that Metal Lite, Inc. reasonably may request for such defense, and Steeler, Inc. (ii) reserves the right to continue to participate in the defense of its interests, at its own cost and expense. Metal Lite, Inc. shall not be liable for any portion of any settlement or compromise unless, prior to any such agreement, Steeler, Inc. notifies Metal Lite, Inc. of the proposed settlement or compromise and Metal Lite, Inc. fails to assume the defense of said claim.

9.    The terms and conditions of this Settlement Agreement are confidential and shall not be disclosed to any third party except as may be required by court order or rules of court. Notwithstanding the above, disclosures within the Corporate organization shall not be deemed a disclosure for this purpose. The Corporate organization for this purpose shall include retained legal counsel, accountants, and corporate bankers, and other similar professionals who are under a duty of confidentiality to the corporation. Reference to the account receivable created by the Agreement without identifying reference to Steeler, Inc. also shall not be deemed a disclosure for this purpose. This duty of nondisclosure shall terminate upon contract default by Steeler, Inc.

10.   By their signature below, each party has designated a person to execute the Agreement and represents and warrants to all other parties that such person signing is authorized to execute this Settlement Agreement on behalf of the respective party, and each such party indemnifies, defends, and holds harmless the other party from any claim that the person was not so authorized.

11.   By their signatures below, counsel for each party represents and warrants that he has fully explained the terms, conditions, and legal consequences of this settlement to his client and his client has expressed an understanding thereof.

Effective the date last given below,

Steeler, Inc.                              Metal Lite, Inc

By                                          By
Matt Surowiecki                            Tom Herren
President                                  President
Date: 10/1/99                              Date:

Matt Surowiecki
Individually
Date: 10/1/99

_____         _____
David L. Tingey, WSBA 11,545        Mark Plager, SBN 192259
Attorney for Steeler and Surowiecki  Attorney for Metal Lite, Inc

AO 120 (3/85)

| TO:<br><br>**Commissioner of Patents and Trademarks**<br>**Washington, D.C. 20231** | **REPORT ON THE**<br>**FILING OR DETERMINATION OF AN**<br>**ACTION REGARDING A PATENT** |
|---|---|

In compliance with the Act of July 19, 1952 (66 Stat. 814; 35 U.S.C. 290) you are hereby advised
that a court action has been filed on the following patent(s) in the U.S. District Court:

| DOCKET NO.<br><br>00CV0711K(JFS) | DATE FILED<br><br>04/07/00 | U.S. DISTRICT COURT<br><br>United States District Court, Southern District of California |
|---|---|---|
| PLAINTIFF<br><br>Robert F. Paquette; Metal Lite, Inc. | | DEFENDANT<br><br>Steeler, Inc.; Florian M. Surowiecki |

| | PATENT NO. | DATE OF PATENT | PATENTEE |
|---|---|---|---|
| 1 | 5,127,203 | 07/07/1992 | Robert F. Paquette |
| 2 | | | |
| 3 | | | |
| 4 | | | |
| 5 | | | |

In the above-entitled case, the following patent(s) have been included:

| DATE INCLUDED | INCLUDED BY<br>☐ Amendment | ☐ Answer | ☐ Cross Bill | ☐ Other Pleading |
|---|---|---|---|---|
| | PATENT NO. | DATE OF PATENT | PATENTEE | |
| 1 | | | | |
| 2 | | | | |
| 3 | | | | |
| 4 | | | | |
| 5 | | | | |

In the above-entitled case, the following decision has been rendered or judgment issued:

| DECISION/JUDGMENT |
|---|
| |

| CLERK | (BY) DEPUTY CLERK | DATE |
|---|---|---|
| | | |

Copy 1 - Upon initiation of action, mail this copy to Commissioner   Copy 3 - Upon termination of action, mail this copy to Commissioner
Copy 2 - Upon filing document adding patent(s), mail this copy to Commissioner  Copy 4 - Case file copy

AO 120 (3/85)

| TO:<br><br>**Commissioner of Patents and Trademarks**<br>**Washington, D.C. 20231** | **REPORT ON THE**<br>**FILING OR DETERMINATION OF AN**<br>**ACTION REGARDING A PATENT** |
|---|---|

In compliance with the Act of July 19, 1952 (66 Stat. 814; 35 U.S.C. 290) you are hereby advised
that a court action has been filed on the following patent(s) in the U.S. District Court:

| DOCKET NO.<br>00CV0711K(JFS) | DATE FILED<br>04/07/00 | U.S. DISTRICT COURT<br>United States District Court, Southern District of California | |
|---|---|---|---|
| PLAINTIFF<br><br>Robert F. Paquette; Metal Lite, Inc. | | DEFENDANT<br><br>Steeler, Inc.; Florian M. Surowiecki | |

| PATENT NO. | DATE OF PATENT | PATENTEE |
|---|---|---|
| 1 5,127,203 | 07/07/1992 | Robert F. Paquette |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |

In the above-entitled case, the following patent(s) have been included:

| DATE INCLUDED | INCLUDED BY<br>☐ Amendment ☐ Answer ☐ Cross Bill ☐ Other Pleading | | |
|---|---|---|---|
| PATENT NO. | DATE OF PATENT | PATENTEE | |
| 1 | | | |
| 2 | | | |
| 3 | | | |
| 4 | | | |
| 5 | | | |

In the above-entitled case, the following decision has been rendered or judgment issued:

| DECISION/JUDGMENT | | |
|---|---|---|
| CLERK | (BY) DEPUTY CLERK | DATE |

Copy 1 - Upon initiation of action, mail this copy to Commissioner   Copy 3 - Upon termination of action, mail this copy to Commissioner
Copy 2 - Upon filing document adding patent(s), mail this copy to Commissioner   Copy 4 - Case file copy

AO 120 (3/85)

| TO:  **Commissioner of Patents and Trademarks**  **Washington, D.C. 20231** | **REPORT ON THE**  **FILING OR DETERMINATION OF AN**  **ACTION REGARDING A PATENT** |
|---|---|

In compliance with the Act of July 19, 1952 (66 Stat. 814; 35 U.S.C. 290) you are hereby advised
that a court action has been filed on the following patent(s) in the U.S. District Court:

| DOCKET NO.  00CV0711K(JFS) | DATE FILED  04/07/00 | U.S. DISTRICT COURT  United States District Court, Southern District of California |
|---|---|---|
| PLAINTIFF  Robert F. Paquette; Metal Lite, Inc. | | DEFENDANT  Steeler, Inc.; Florian M. Surowiecki |

| PATENT NO. | DATE OF PATENT | PATENTEE |
|---|---|---|
| 1 5,127,203 | 07/07/1992 | Robert F. Paquette |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |

In the above-entitled case, the following patent(s) have been included:

| DATE INCLUDED | INCLUDED BY  ☐ Amendment   ☐ Answer   ☐ Cross Bill   ☐ Other Pleading |
|---|---|

| PATENT NO. | DATE OF PATENT | PATENTEE |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |

In the above-entitled case, the following decision has been rendered or judgment issued:

| DECISION/JUDGMENT |
|---|
|  |

| CLERK | (BY) DEPUTY CLERK | DATE |
|---|---|---|

## CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

| I.(a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Robert F. Paquette<br>Metal-Lite, Inc. | Steeler, Inc.<br>Florian M. Surowiecki |

**FILED** '00 APR -7 AM 11:38

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

| (b) COUNTY OF RESIDENCE OF FIRST LISTED **Santa Clara** PLAINTIFF (EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT **King** (IN U.S. PLAINTIFF CASES ONLY) |
|---|---|
| | NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |

| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |
|---|---|
| Mark H. Plager (SBN 192259)<br>1160 North Blue Gum Avenue<br>Anaheim, CA 92806<br>(714) 238-6375 | **'00 CV 0711 K (JFS)** |

### II. BASIS OF JURISDICTION (PLACE AN X IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

### IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

28:1338 pt

Patent Infringement of U.S. Patent No. 5,127,203; and breach of settlement agreement.

### V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury-Medical Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury-Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 RR & Truck | ☒ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other | | | ☐ 950 Constitutionality of State |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 555 Prisoner Conditions | | | |

### VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removal from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

### VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23

DEMAND $

Check YES only if demanded in complaint
JURY DEMAND: ☒ YES ☐ NO

### VIII. RELATED CASE(S) (IF ANY) (See instructions):

JUDGE: Judith N. Keep      Docket Number: 99cv1026k

DATE April 7, 2000      SIGNATURE OF ATTORNEY OF RECORD  _Mark H. Plager_

::ODMA\PCDOCS\WORDPERFECT\22816\1 January 24, 2000 (3:10pm)



ORIGINAL