USDC SCAN INDEX SHEET

















```
AXC    12/14/00    9:32
3:00-CV-00711   PAQUETTE V. STEELER INC
*31*
*ANS.*
```

David L. Tingey
321 Burnett Ave. S, Suite 300
Renton, WA 98055
PH (425) 271 7700
FX (425) 228 3070/235 6148

Mark Baker
HAYES SIMPSON GREENE LLP
600 W. Broadway, Suite 400
San Diego, CA 92101
PH (619) 515 1194
FX (619) 515 1197



Hon. Judith N. Keep

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT F. PAQUETTE, an individual, METAL LITE INC. A California Corporation<br>Plaintiff<br><br>v.<br><br>STEELER, INC., a Washington corporation, and FLORIAN M. SUROWIECKI, an individual,<br>Defendant | No. 00CV 0711K<br><br>ANSWER TO AMENDED COMPLAINT, AFFIRMATIVE DEFENSES |

### I. ANSWER

COME NOW Defendants in the above-encaptioned cause of action and answer the complaint of Plaintiff by denying all of Plaintiff's allegations of the complaint generally, except as may be specifically admitted or denied following, referring to paragraphs as numbered in Plaintiffs' complaint:

1.1. Regarding Paragraphs 1 and 2, Defendants admit the United States District Courts have jurisdiction in the Southern District of California except that it does not have jurisdiction over Defendant Surowiecki.

1.2. Regarding Paragraph 3, Defendants admit that this court may have jurisdiction over "related state claims".

1.3. Regarding Paragraphs 4, 5, and 6, Defendants deny same.

1.4. Regarding Paragraphs 7 and 8, Defendants deny same having insufficient information on which to form a more specific answer.

1.5. Regarding Paragraphs 9, 10, and 11, Defendants admit that Steeler, Inc. is a Washington corporation with a place of business in Santee, California as indicated and that Defendant Suroweicki is President of Steeler, Inc. and deny the remainder.

1.6. Regarding Paragraphs 12, 13, 14, 15, Defendants admit except that monies paid were not damages given that infringement was never admitted.

1.7. Regarding Paragraphs 16 through 29, Defendants deny same.

1.8. Regarding Paragraphs 30 and 31, Defendants admit same.

1.9. Regarding Paragraphs 32 through 35, Defendants deny same.

1.10. Regarding Paragraphs 36, Defendants lack specific information and therefore deny having insufficient information on which to form a more specific answer but believes same to be accurate.

1.11. Regarding Paragraphs 37 through 41, Defendants lack specific information and therefore deny having insufficient information on which to form a more specific answer.

1.12. Regarding Paragraph 42, Defendants admit same.

1.13. Regarding Paragraphs 43 through 50, Defendants deny same.

1.14. Regarding Paragraphs 51 through 58, this state court action is before this court under supplemental jurisdiction pursuant to 28 U.S.C. §1338(b) and 28 U.S.C §1367(a). Pursuant to §431.30 of the California Code of Civil Procedure, Defendant denies, generally and specifically, each of the allegations of the unverified complaint, including each purported cause of action. Defendant denies that Plaintiff was damaged or injured in the sums alleged by reason of any act or omission to act on the part of Defendant.

## II. AFFIRMATIVE DEFENSES

As affirmative defenses, Defendants allege and state as follows:

2.1. Defendants assert the defense of offset. In settlement of a lawsuit for patent infringement between these parties, Defendant Steeler agreed to pay Plaintiff a certain amount, $25,000 of which was to held in trust pending outcome of litigation and a third party also claiming ownership of the patent alleged to be infringed in case Defendant were to be found liable to said third party instead of Plaintiff. Plaintiff later alleged a second infringement after said settlement and unilaterally collected the amount that was to be held in trust, in violation of these parties' agreement, leaving Defendant exposed to liability to said third party. Defendants therefore claim offset against said amount taken by Plaintiff without permission of Defendant.

2.2. Plaintiff has alleged patent infringement by Defendant and breach of settlement agreement between these parties. In said settlement agreement, Plaintiff was required to make Defendant a Plaintiff's distributor on favorable terms. Plaintiff has unilaterally canceled the contract and refused to sell Plaintiff's product to

Defendant on distributor terms, causing Defendant to suffer losses in the amount of price difference charged by Plaintiff.

2.3. Plaintiff's complaint, and each of the alleged causes of action contained therein, fails to state facts sufficient to constitute a cause of action against Defendant.

2.4. Defendant is entitled to offsets against Plaintiff's damages, if any, for monies and other benefits it has paid out or provided, directly or indirectly, to Plaintiff or for monies and other benefits bestowed on Plaintiff by any party, named or unnamed, in the complaint, for the damages alleged by Plaintiff.

2.5. As a result of the representations, acts, conduct, and omissions of Plaintiff, each of the alleged causes of action in the complaint is barred by the doctrine of unclean hands.

2.6. As a result of the representations, acts, conduct, and omissions of Plaintiff, each of the alleged causes of action in the complaint has been expressly and/or impliedly waived.

2.7. As a result of the representations, acts, conduct and omissions of Plaintiff, each of the alleged causes of action in the complaint has been expressly and/or impliedly consented to or otherwise ratified by Plaintiff.

2.8. On information and belief, as a result of another lawsuit, Plaintiffs share ownership of the subject patent with another entity, which entity is not a named plaintiff herein. Failure to include all owners of a patent in a patent enforcement action is fatal to the action.

2.9. Plaintiffs seek to enforce a patent having claims describing a building wall with stated elements thereof. Defendants has never constructed Defendant's wall nor manufactured products for use in constructing Defendant's wall.

2.10. Defendants manufactured a product that may be used for several purposes, one of which may or may not be one of Plaintiffs wall elements. Defendants have not participated in construction of a wall as described in Plaintiff's patent.

2.11. Plaintiff's patent is invalid as being known and used by others in this country before Plaintiff's effective invention date, pursuant to 35 U.S.C. §102(a).

2.12. Plaintiff's patent is invalid as described in a printed publication before Plaintiff's effective invention date, pursuant to 35 U.S.C. §102(a).

2.13. Plaintiff's patent is invalid as being obvious in view of prior art, pursuant to 35 U.S.C. §103.

2.14. Defendants assert the defense of estoppel and course of dealing between the parties. Plaintiff Metal Lite authorized Defendant Steeler to manufacture small quantities of the offending product. Any product manufactured by Defendant Steeler was in small quantities, if any, and in support of its activities as a distributor of Plaintiff's product.

2.15. Infringing activity, if any, may have been conducted by two rogue Steeler (now former) employees in which Steeler did not participate and for which Steeler is not responsible.

    a. Steeler, Inc. and Metal Lite, Inc. (MLI) entered into a settlement agreement dated October 1, 1999. At the time of the settlement, Steeler had a small inventory of slotted track on its site. It was agreed with

MLI that Steeler could sell or dispose of this remaining inventory provided Steeler pay MLI a 20% royalty. However, Steeler was generally not able to sell its inventory because customers preferred the MLI product, so the inventory remained in the Steeler yard and generally continues to be there today.

b. From at least the effective date of the Settlement Agreement, it has been the explicit policy of Steeler that there was to be no manufacture of slotted track (the term used to describe Metal Lite's patented product). This policy was communicated to substantially all plant personnel.

c. Plaintiffs base their claims of Steeler infringement on the statements of the two former Steeler employees, Orszulak and Sydry. These two former Steeler employees left Steeler's employ when it became clear that they were attempting to steal Steeler trade secrets and start their own company to compete with Steeler.

d. Employment of Orsuzulak and Sydry by Steeler was under a confidentiality and noncompetition agreement. In hindsight, it is now clear that these employees sought to blackmail Steeler with threat of disclosure of material damaging to Steeler if Steeler enforced its noncompetition agreement against them. To do so, it was necessary that they gather such damaging material. The statements of these two with photographic evidence provided by Plaintiffs is the result of that effort and the only basis on which Plaintiff brings its present action

ANSWER TO AMENDED COMPLAINT and AFFIRMATIVE DEFENSES           ACTION NO.: 00CK0711k
Page- 6

against these Defendants. However, Steeler believes that those photographs are of the inventory preexisting the settlement agreement date of October 1, 1999.

e. Steeler has filed a lawsuit in the State of Washington against these two former employees for breach of its noncompetition agreement and theft of Steeler trade secrets.

f. Actions by these two former employees were not in the interest of Steeler, intended to discredit Steeler, and outside of their scope of employment. Steeler is therefore not liable for their acts.

g. If Steeler is held accountable for actions of its two rogue employees, Steeler actions were not willful, having diligently acted to cause no infringing product to be manufactured at its facilities.

2.16. Defendants' conduct does not constitute infringement of Plaintiff's patent claims.

### III. OBJECTION TO JURISDICTION

3.1. Defendants assert the defense of lack of jurisdiction over Defendant Florian M. Surowiecki. Defendants assert the defense of insufficiency of service of process.

3.2. Defendants assert that Florian M. Surowiecki is an indispensable party. Defendants further assert that this matter cannot be adequately resolved without this indispensable party.

### IV. PRAYER FOR RELIEF

Having completely and fully provided answer to the Complaint, These Defendants therefore deny Plaintiff's prayer for relief.

WHEREFORE, Defendants pray for relief as follows:

4.1 That the Complaint against Defendant Surowiecki be dismissed for lack of jurisdiction;

4.2 That the Complaint against Defendants be dismissed for lack of jurisdiction over an indispensable party;

4.3 That the Complaint against Defendants be dismissed for failure to include all owners of the subject patent as plaintiffs.

4.4 That attorney fees be granted Defendants for requiring Defendants to defend in a court that Plaintiffs knew did not have jurisdiction over all parties.

4.5 That the Complaint against Defendants be dismissed with prejudice;

4.6 That attorney fees and court costs necessitated in defending against this action be awarded Defendants against Plaintiffs pursuant to 35 U.S.C. §285.

4.7 That Plaintiff's patent be declared invalid and/or unenforceable against Defendants.

4.8 That Defendants be awarded such other and further relief as the Court deems just and equitable.

Dated this day of December 11, 2000

*[signature]*

David L. Tingey, WSBA 11,545
Attorney for Defendants

1  David L. Tingey
   321 Burnett Ave. S, Suite 300
2  Renton, WA 98055
   PH (425) 271 7700
3  FX (425) 228 3070/235 6148

4                                                          **Hon Judith N. Keep**

5  Mark Baker
   HAYES SIMPSON GREENE LLP
6  600 W. Broadway, Suite 400
   San Diego, CA 92101
7  PH (619) 515 1194
   FX (619) 515 1197
8

9
              **UNITED STATES DISTRICT COURT**
10             **SOUTHERN DISTRICT OF CALIFORNIA**

11

| | |
|---|---|
| 12  ROBERT F. PAQUETTE, an individual, METAL LITE INC. A California Corporation | No. 00CV 0711K |
| 13  Plaintiff | Hon. Judith N. Keep |
| 14  v. | DECLARATION OF SERVICE |
| 15  STEELER, INC., a Washington corporation, and FLORIAN M. SUROWIECKI, an individual, | |
| 16  Defendant | |

17

18                    **MAIL CERTIFICATE**

19     I hereby declare under penalty of perjury that I am over the age of eighteen years and not a

20  party to this action; that I served the below-named person(s) the following documents: Answer to

21  Amended Complaint by placing a copy in a separate envelope, with postage fully prepaid, to the clerk

22  of the court and for each address named below and depositing each in the United States Postal Service

23  at Renton, Washington on the below-given date.

24

25

DECLARATION OF SERVICE - 1                                        ACTION NO.: 00CK0711k

1  Law offices of Mark H. Plager
   PO Box 745
2  Placentia, CA 92871-0745

3

4  on this date of December 11, 2000.

5

6                                          _____
                                            David L. Tingey, WSBA #11,545

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

DECLARATION OF SERVICE - 2                                    ACTION NO.: 00CK0711k